IN THE UNITED STATES DISTRCT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SOUTHWEST AIRLINES CO., <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF SAN ANTONIO, TEXAS and JESUS SAENZ, in his official capacity as Director of Airports for the City of San Antonio, Texas, <br><br> Defendants. | Civil Action No. 5:24-cv-01085-XR |

**JOINT ADVISORY CONCERNING STATUS OF PROPOSED PRELIMINARY INJUNCTION SCHEDULING ORDER AND DISCOVERY PLAN**

Pursuant to the Court's October 1, 2024 Order directing the parties to confer and inform the Court on an agreed-upon briefing schedule for Plaintiff Southwest Airlines Co.'s request for preliminary injunction and the Court's request during the September 30, 2024 hearing that the parties agree on a discovery schedule prior to the hearing, the parties respectfully submit this Joint Advisory to the Court.

The Parties have conferred in good faith on a proposed Preliminary Injunction Scheduling Order and Discovery Plan (the "Plan"). The Parties are pleased to report that they have reached an agreement on nearly every item in the proposed Plan, which is attached hereto as Exhibit 1. The only item on which the Parties disagree is the highlighted paragraphs on page 3, which relates to whether the Parties will be entitled to five requests for production—Plaintiff requests that the Parties be entitled to serve five requests for production, and Defendants request that the Parties not be entitled to serve requests for production. The Parties have agreed to submit this issue to the

1

Court for resolution, and each Party includes a brief statement below stating its position on the issue.

**Plaintiff's Statement Concerning Requests for Production**

Plaintiff requests that the Court permit the Parties to serve up to five requests for production to a narrow set of six custodians who were directly involved in the City's gate assignments in Terminal C. Although the Parties have agreed to produce certain documents as part of their initial disclosures, the Parties need to have the opportunity to request additional documents that are revealed or referenced in the initial disclosures. Indeed, it is unusual for litigants, particularly, in commercial disputes, not to need at least a second set of document requests to seek targeted documents referenced in the initial document production. For example, one of the agreed initial disclosures—item (1)(d)—requires the production of a "Gating Placement Analysis Worksheet" referenced in the City's Gate Assignment Criteria. If this worksheet reveals that the City relied on another document in assigning gates in Terminal C that does not fall within one of the other agreed initial disclosure categories, Plaintiff should be permitted to serve a follow-up request seeking production of that document. Plaintiff has the burden of proof at the upcoming preliminary injunction hearing, and needs the opportunity use targeted requests to identify documents relevant to the elements of its claim that are revealed in the initial disclosures.

Plaintiff appreciates that the Parties have agreed to an expedited timeline to produce documents, and the City has concerns with the limited time to identify, review, and produce documents responsive to Plaintiff's potential requests for production. However, any concerns the City may have related to overbreadth of the requests, costs, or proportionality may be addressed through a discovery objection. For these reasons, Plaintiff respectfully requests that the Court

permit each party to serve up to five requests for production to the custodians identified in the proposed Plan.

**Defendants' Statement Concerning Requests for Production**

Defendants' position is that the initial disclosures the parties have negotiated, combined with the interrogatories, requests for admission, and depositions to which parties have agreed, provide sufficient discovery for the limited purpose of the preliminary injunction hearing. The initial disclosures are intended to provide each party with the core documents relating to the issues before the Court at the preliminary injunction stage. Additional document production with a short production deadline will impose an undue burden on the parties because it may not be possible given the limited time available to search for responsive documents and conduct the necessary privilege review. Moreover, the parties will be able to serve requests for admission and interrogatories, and take depositions, which will provide sufficient opportunity to obtain additional discovery. Additional document discovery at this preliminary stage of the case is not necessary and would create an undue burden given the limited time available.

## PRAYER

The Parties respectfully request that the Court rule on whether the Parties may serve up to five requests for production to the custodians identified in the proposed Plan, or be limited to the agreed-upon initial disclosures and other discovery, and to enter the proposed Plan by incorporating its ruling on this issue.

Respectfully Submitted,

**THE MORALES FIRM, P.C.**

6243 W. Interstate 10, Suite 132
San Antonio, Texas 78201
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821

By: /s/ Lawrence Morales II
Lawrence Morales II
State Bar No. 24051077
lawrence@themoralesfirm.com
Allison S. Hartry
State Bar No. 24083149
ahartry@themoralesfirm.com

**CLARK HILL PLC**

Mark Sessions
Texas Bar No.18039500
Forest M. "Teo" Seger III
Texas Bar No.24070587
Charles Hayes
Texas Bar No. 24116496
2301 Broadway Street
San Antonio, TX 78215
Tel. (210) 250-6162
Email: msessions@clarkhill.com
tseger@clarkhill.com
chayes@clarkhill.com

M. Roy Goldberg
1001 Pennsylvania Avenue N.W.
Suite 1300 South
Washington, D.C. 20004
Tel. (202) 552-2388
Email: rgoldberg@clarkhill.com
(Admitted *Pro Hac Vice*)

**Counsel for Plaintiff Southwest Airlines Co.**

/s/ Erica Benites Giese
Erica Benites Giese
Texas State Bar No. 24036212
egiese@jw.com
JACKSON WALKER LLP
1900 Broadway, Suite 1200
San Antonio, Texas 78215
(210) 978-7900
(210) 242-4646 (Facsimile)

W. Eric Pilsk (pro hac vice)
Epilsk@kaplankirsch.com
Eric T. Smith (pro hac vice)
esmith@kaplankirsch.com
KAPLAN KIRSCH LLP
1634 I Street, NW
Suite 300
Washington, DC 20006
Tel: (202) 955-5600
Fax: (202) 955-5616

Steven L. Osit (pro hac vice)
sosit@kaplankirsch.com
Sarah E. Wilbanks (pro hac vice)
swilbanks@kaplankirsch.com
KAPLAN KIRSCH LLP
1675 Broadway
Suite 2300
Denver, CO 80202
Tel: (303) 825-7000
Fax: (303) 825-7005

**COUNSEL FOR CITY OF SAN ANTONIO**

Dated: October 7, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2024, I caused a true and accurate copy of this document to be served on all counsel by filing it through the court's electronic filing system

*/s/ Lawrence Morales II*
Lawrence Morales II