IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SOUTHWEST AIRLINES CO., <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF SAN ANTONIO, TEXAS and JESUS SAENZ, in his official capacity as Director of Airports for the City of San Antonio, Texas <br><br> Defendants. | Civil Action No. 5:24-cv-1085 |

**DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S DESIGNATION OF TESTIFYING EXPERT KIRK SHAFFER, ESQ.**

Defendants the City of San Antonio, Texas, and Jesus Saenz, in his official capacity as the Director of Airports for the City of San Antonio, Texas (collectively, the "City"), hereby move to strike Plaintiff Southwest Airlines Co.'s ("Southwest") Designation of Testifying Expert Kirk Shaffer, Esq. (the "Designation") (attached hereto as **Exhibit A**), and in support thereof, show as follows:

**I.      INTRODUCTION**

Southwest claims that Exhibit G to the Airline Use and Lease Agreement ("AULA"), which specifies which airlines will occupy which gates at San Antonio International Airport ("Airport") when the new Terminal C opens in late 2028, is preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b), because the City relied on subjective factors. Preemption is a question of law that turns on comparing the scope of the federal law at issue to the terms of the state law or regulation in question, a question of law that only this Court can answer.

The Court has already raised substantial doubt that the City's action is preempted. To overcome that doubt, Southwest has designated an attorney as an expert witness to provide an opinion on the ultimate question of preemption and the City's compliance with federal law. These are legal conclusions, which are plainly not permissible as expert testimony. Further, the Designation does not demonstrate that Mr. Shaffer's opinions meet the requirements for admission expert witness testimony. For these reasons, the Court should strike Southwest's designation of Mr. Shaffer as an expert witness.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the efforts of the City and its airline partners, including Southwest, to negotiate a new AULA setting the terms and conditions for the airlines' use of the Airport, including its terminal facilities. The City, Southwest, and 13 other airlines serving the Airport painstakingly negotiated the AULA over the past 2.5 years. A key aspect of the AULA is to provide for the funding of a new Terminal C at the Airport, planned to open after 2028. ECF No. 11-1 at ¶ 14. One important issue in negotiations was which airlines would be placed in new Terminal C once it was constructed. *Id.* ¶ 23. The City solicited detailed information from the airlines about their future operational plans, developed evaluation criteria, and ultimately announced a gate allocation plan in June 2024. *Id.* ¶ 27; ECF No. 11-2 at ¶¶ 5-10. The City determined Southwest would remain in Terminal A even after the completion of Terminal C. ECF No. 11-1 at ¶ 27.

Dissatisfied with the City's decision, Southwest filed this lawsuit. ECF No. 1. Southwest claims that the City's use of certain criteria to make its gate allocation decision violates the Supremacy Clause of the U.S. Constitution and the ADA, "because it bases the allocation of terminal gate space on subjective preferences and criteria that are prohibited by the [ADA]." *Id.* 44. Southwest also filed a Motion for Preliminary Injunction and Emergency Request for

Temporary Restraining Order, in which it elaborated on the grounds for its claim that the City's actions were in violation of and preempted by the ADA. ECF No. 2 at 12-16. Southwest provided a review of Congress's goal in enacting the ADA, the ADA statutory language at issue here, interpretation of relevant case law, and an application of that law to the facts of this case. *Id.*

After a hearing, the Court denied the temporary restraining order. ECF No. 17. At the Court's direction, the parties agreed to a briefing schedule for Southwest's preliminary injunction request and a plan for limited discovery, including expert designations and depositions. ECF No. 22. On November 8, 2024, Southwest served the City with the Designation, which the City now moves to strike.

### III.     ARGUMENT AND AUTHORITIES

**A.     Legal Standard.**

Federal Rule of Evidence 702 permits expert witness testimony if the proponent demonstrates it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

This analysis "applies to all proposed expert testimony, including nonscientific 'technical' analysis and other 'specialized knowledge.'" *Albert Sidney Johnston Chapter v. Nirenberg*, No. SA-17-CV-1072-DAE, 2018 U.S. Dist. LEXIS 179561, at *5 (W.D. Tex. Oct. 18, 2018) (quoting *Kumho Tire Co., Ltd. v Carmichael*, 526 U.S. 147, 141 (1999)). The party advancing expert testimony bears the burden of establishing that it is admissible. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

**B.      Mr. Shaffer's Proposed Testimony Is an Impermissible Legal Analysis.**

The Court should strike Southwest's designation of Mr. Shaffer as an expert witness because he proposes to testify to his interpretation of the law, not to any expert knowledge of the relevant facts. The law is clear: "Experts cannot 'render conclusions of law' or provide opinions on legal issues." *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009)). "[T]here is one, but only one, legal answer for every cognizable dispute . . . [and] it requires only one spokesman of the law, who of course is the judge." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (quoting *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988)).

Courts routinely exclude legal opinions masked as expert testimony. In *Askanase*, the court held that an expert opinion regarding whether corporate officers fulfilled their fiduciary duties, and, if not, how and to what extent they breached those duties, was "a legal opinion and inadmissible." *Id.* In *Albert Sidney Johnston Chapter*, this Court struck the designation of a municipal-law attorney as an expert witness planning to testify on whether a party received due process. 2018 U.S. Dist. LEXIS 179561 at *11. The Court would not permit the proposed witness "to testify as a legal expert as to the contours of federal law on procedural due process or as to what standards should apply in this case." *Id.* at *8. Even where the proposed witness's testimony seemed to incorporate questions of fact, the Court determined such testimony "falls into the gray area where ultimate issues of fact track closely with legal conclusions and therefore invades the province of the factfinder." *Id.* at *10-11. "Where a witness's testimony expresses an ultimate view on whether the underlying conduct in a case violated the Constitution, this opinion is no longer only a fact-based opinion but a statement of legal conclusion." *Id.* at *11.

Here, the Designation makes clear that Mr. Shaffer intends to present impermissible legal testimony by testifying about his interpretation of the ADA. Southwest states that Mr. Shaffer will

4

testify that the ADA's "prohibition against state and local governments enforcing provisions relating to air carrier routes and services applies to the criteria adopted by the City" for allocating gate space in the new Terminal C, and that such criteria "had the force and effect of law." Designation § 2. Both of those assertions are purely legal conclusions, and offer no insight, much less expert insight, into any question of fact.

The Designation's summary of facts and opinions to which Mr. Shaffer is expected to testify confirms that he will offer only impermissible legal conclusions. Mr. Shaffer describes the enactment of the ADA and Congress's intent in enacting the ADA, citing to statute and "[r]eported federal decisions." Designation § 3(1)-(4). He then makes the legal conclusion that the City "has crossed the line . . . into territory which is preempted at the federal level." *Id.* § 3(5). In subsequent paragraphs, Mr. Shaffer applies the ADA's preemptive language to the facts of this case. *Id.* § 3(6)-(7), (12), (15)-(16). Mr. Shaffer also identifies Federal Aviation Administration ("FAA") guidance and other "learned references" he perceives to establish legal standards applicable to the City's decision. *Id.* § 3(9)-(12). Ultimately, Mr. Shaffer proposes to testify that the City "is not presently in compliance with its statutory obligations" and that its gate-allocation criteria are "preempted by federal statute." *Id*. § 3(16).

Nowhere in the summary of facts and opinions does Mr. Shaffer explain his particular expertise or why that expertise is needed or helpful to any question of fact in this case. Instead, Mr. Shaffer's opinions attempt to state what the law is and why the City violated that law. Indeed, his proposed testimony reads more like a legal brief—and tracks closely the merits argument Southwest advanced in its motion for a temporary restraining order. *See supra* p. 2-3; ECF No. 2 at 12-16. Mr. Shaffer's opinions merely "parrot[]" Southwest's claim, "dressing it up and sanctifying it as the opinion of an expert." *Reitz v. Woods*, 85 F.4th 780, 788 (5th Cir. 2023)

5

(cleaned up); *see also Albert Sidney Johnston Chapter*, 2018 U.S. Dist. LEXIS 179561 at *9 (striking expert witness designation where proposed opinion "read[] more like a section of a summary judgment brief than an expert report").

Southwest's designation presents Mr. Shaffer as "a spokesman of the law," *Askanase*, 130 F.3d at 673, to "improperly assume[] the role of judge in this case," *Nirenberg*, 2018 U.S. Dist. LEXIS 179561, at *11. That clearly exceeds the scope of permissible expert testimony. *Renfroe*, 974 F.3d at 598; *Goodman*, 571 F.3d at 399. As such, the Court should strike the Designation.

### C. Mr. Shaffer Does Not Satisfy the Rule 702 Standard to Testify as an Expert Witness.

The Court should also strike the Designation because it does not demonstrate that Mr. Shaffer meets the legal standard to testify as an expert witness. "Rule 702 charges trial courts to act as 'gate-keepers,' making a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.'" *Reitz*, 85 F.4th at 787 (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). "[T]he court must focus on the expert's principles and methodology, not on the conclusions generated." *Amini-Akbari v. City of Austin*, 52 F. Supp. 3d 830, 838 (W.D. Tex. 2014) (cleaned up).

Mr. Shaffer's proposed testimony does not meet any of the requirements of Rule 702. First, the Designation does not identify the "scientific, technical, or other specialized knowledge" possessed by Mr. Shaffer that will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Southwest has attached Mr. Shaffer's resume to the Designation, but does not explain how the experience listed on that resume makes Mr. Shaffer an expert or will be employed by Mr. Shaffer to assist the Court. Indeed, nothing in his resume shows any experience, much less expertise, in terminal planning or design, in gating decisions, or even

6

in the ADA. To the extent Southwest may contend that Mr. Shaffer will provide "specialized knowledge" regarding the legality of the criteria the City considered in its gate allocation decision, that is a legal opinion that exceeds the scope of permissible expert testimony, for all the reasons discussed above. *Supra* Part III.B; *Atkinson v. Meridian Sec. Ins. Co.*, No. SA-21-CV-00723-XR, 2022 U.S. Dist. LEXIS 151844, at *12 (W.D. Tex. Aug. 24, 2022) (Rodriguez, J.) (noting that "credentials and a subjective opinion . . . do not pass muster under *Daubert* and are not admissible" (cleaned up)).

Second, the Designation offers little reason to believe that Mr. Shaffer's "testimony is based on sufficient facts or data." *See* Fed. R. Evid. 702(b). Mr. Shaffer summarily states that he has reviewed the AULA and "responses to various discovery" and cites to statutory language and non-binding guidance documents. Designation § 3(3), (5), (9)-(11). It is not clear from the Designation what, if any, other materials Mr. Shaffer has reviewed and used to form his opinions. Yet he boldly asserts the legal conclusion that the City is "not presently in compliance with its statutory obligations." *Id.* § 3(16). Mr. Shaffer's proposed opinions are not clearly grounded in facts or data.

Third, the Designation fails to establish that Mr. Shaffer's testimony would be "the product of reliable principles and methods" because the Designation does not indicate *any* principles or methods of analysis at all. *See* Fed. R. Evid. 702(c). Rather, Mr. Shaffer merely offers his unsupported opinion on how the Court should construe the ADA—the central legal issue in this case—and then asserts, with no apparent basis, that the City "must" employ gate-allocation criteria purportedly described in a non-binding advisory document. Designation § 3(1)–(4), (6)–(8), (14)–(16) (purporting to construe and apply ADA); *id.* § 3(8) (asserting that airport sponsors "must" employ certain gate-allocation criteria). This is insufficient under Rule 702. *See Atkinson*, 2022

7

U.S. Dist. LEXIS 151844 at *11-12 (explaining that listing documents relied on, providing a timeline of events, and reaching a conclusion was insufficient to show the facts and analyses underlying a proposed expert's opinions). Perhaps the Designation's failure to describe Mr. Shaffer's methods is intentional: an explanation that Mr. Shaffer considered the governing legal principles and applied them to the facts to reach a conclusion about the City's compliance with law would be an admission that Mr. Shaffer is offering impermissible legal opinion.

Fourth, any application of principles and methods to the facts of this case does not appear to have been done "reliabl[y]," Fed. R. Evid. 702(d), because Mr. Shaffer has relied on a source that offers no guidance here. Mr. Shaffer appears to have applied FAA Advisory Circular 150/5360-13A, *Airport Terminal Planning* (2018) (the "Advisory Circular").[1] Designation § 3(9)-(10), (12). But the Advisory Circular does not discuss at all the factors that an airport sponsor should consider in determining which gates should be assigned to which airline. Advisory Circular ¶ 1.3.[2] Thus, Mr. Shaffer bases his analysis on a non-binding technical design document that does not provide guidance on allocating gates among airlines. This renders his opinion unreliable.

Mr. Shaffer does not meet the legal standard to testify as an expert witness under Rule 702 and the law applied in this Court, and the Designation should be struck.

---

[1] The Advisory Circular is available at: https://www.faa.gov/documentLibrary/media/Advisory_Circular/AC-150-5360-13A-Airport-Terminal-Planning.pdf.

[2] The only section of the Advisory Circular that seems even remotely pertinent to gate assignments is Paragraph 7.3.5.1, which lists "basic criteria associated with parking position layouts." Advisory Circular ¶ 7.3.5.1. These include gate width, wingtip clearance, nose to building clearance, gate depth, ground-service-equipment considerations, service-roadway location, visibility, airspace safety, jet-blast concerns, and utilities availability. *Id*. There is no discussion of assigning gates to specific airline tenants. Similarly, none of the Transportation Research Board reports cited in the Advisory Circular discuss how an airport proprietor should assign gates to specific tenants. .

## CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court strike Southwest's Designation of Testifying Expert Kirk Shaffer, Esq.

Respectfully submitted this 18th day of November 2024.

> By:  /S. W. Eric Pilsk
> W. Eric Pilsk (*pro hac vice*)
> epilsk@kaplankirsch.com
> Eric T. Smith (*pro hac vice*)
> esmith@kaplankirsch.com
> KAPLAN KIRSCH LLP
> 1634 I Street, NW, Suite 300
> Washington, DC 20006
> Tel: (202) 955-5600
> Fax: (202) 955-5616
>
> Steven L. Osit (*pro hac vice*)
> sosit@kaplankirsch.com
> Sarah E. Wilbanks (*pro hac vice*)
> swilbanks@kaplankirsch.com
> KAPLAN KIRSCH LLP
> 1675 Broadway, Suite 2300
> Denver, CO 80202
> Tel: (303) 825-7000
> Fax: (303) 825-7005
>
> *Counsel for Defendants the City of San Antonio and Jesus Saenz*

## CERTIFICATE OF CONFERENCE

I certify that on November 18, 2024, counsel conferred by email in an effort to resolve the issues presented in this motion but were unable to reach a resolution.

/S/  *W. Eric Pilsk*
W. Eric Pilsk

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 18, 2024, he caused true and correct copies of Defendants' Motion to Strike Plaintiff's Designation of Testifying Expert Kirk Shaffer, Esq. to be served upon all counsel of record via the Court's electronic filing system.

/S/  *W. Eric Pilsk*
W. Eric Pilsk